# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ORLANDO LARRY,**

    **Plaintiff,**

    v.                                  Case No. 11-C-140

**WELCOME ROSE, CRAIG ROSENTHAL,
DAVID BEYER, GREG KEELING,
LARRY MCFARLANE, KIM CIBULKA,
SGT. STILWELL, JAMES D. STILSON,
and MARTIN ORDINANS,**

    **Defendants.**

## ORDER

The plaintiff, a state prisoner at the Chippewa Valley Correctional Treatment Facility, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on the plaintiff's petition to proceed *in forma pauperis*.

The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he or she can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and has paid an initial partial filing fee of $12.89, as well as a partial filing fee of $17.16.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In order "[t]o state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law." *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The operative complaint in this case is the amended complaint filed on May 9, 2011. (Doc. # 12). According to the amended complaint, the plaintiff, a Wisconsin state prisoner, suffered from severe gum disease and cavities that were largely ignored by the medical staff during his confinement during 2009 and 2010 at the Dodge County Correctional Institution, the Columbia County Jail, and the Green Bay Correctional Institution. The plaintiff names five medical defendants employed at these locations: dentist Craig Rosenthal, doctor Greg Keeling, and nurses David Beyer, Larry McFarlane, and Kim Cibulka. Also named as defendants are two correctional employees of the Columbia County Sheriff's Department: Sgt. Stilwell and Lt. James Stilson, and two Department of Corrections administrators: complaint examiner Welcome Rose and supervisor Martin Ordinans.

The plaintiff alleges that the defendants were deliberately indifferent to his serious dental needs. Deliberate indifference to the serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, and thus violates the Eighth Amendment. *Walker v. Benjamin*, 293

F.3d 1030, 1040 (7th Cir. 2002). To establish liability under the Eighth Amendment, a prisoner must show: (1) that his medical need was objectively serious; and (2) that the official acted with deliberate indifference to the prisoner's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Chapman v. Keltner*, 241 F.3d 842, 845 (7th Cir. 2001). The Court of Appeals for the Seventh Circuit has acknowledged that a dental condition may constitute a serious medical need and that denial of dental care may violate the Eighth Amendment. *Board v. Farnham*, 394 F.3d 469 (7th Cir. 2005). Thus, the plaintiff has stated an Eighth Amendment medical needs claim against the dentist, doctor, and nurses whom he alleges denied him dental care for his severe toothache.

However, "the law encourages non-medical security and administrative personnel at jails and prisons to defer to the professional medical judgments of the physicians and nurses treating the prisoners in their care without fear of liability for doing so." *Berry v. Peterman*, 604 F.3d 435, 440 (7th Cir. 2010). Because the complaint alleges only that Sgt. Stilwell and Lt. James Stilson continually referred the plaintiff to the jail's medical staff, these defendants will be dismissed. Similarly, a complaint examiner does not become liable for an underlying violation by dismissing an inmate's grievance. *Burks v. Raemisch*, 555 F.3d 592, 595-96 (7th Cir. 2009) ("Public officials do not have a free-floating obligation to put things to rights . . . . [they] are entitled to relegate to the prison's medical staff the provision of good medical care. That is equally true for an inmate complaint examiner."). Accordingly, Department of Corrections complaint examiner Welcome Rose will also be dismissed.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion for leave to proceed *in forma pauperis* (Doc. # 3) is **GRANTED**.

3

**IT IS FURTHER ORDERED** that the plaintiff's motions for service (Doc. # 10 and Doc. # 13) are **DENIED** as moot, insofar as this order provides for proper service to be made on the plaintiff's behalf.

**IT IS FURTHER ORDERED** that defendants Sgt. Stilwell, Lt. James Stilson, and Welcome Rose are **DISMISSED** from this action.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Attorney General and this court, copies of plaintiff's amended complaint (Doc. #12) and this order are being electronically sent today to the Attorney General for service on the state defendants employed by the Department of Corrections (supervisor Martin Ordinans, dentist Craig Rosenthal, doctor Greg Keeling, and nurse David Beyer).

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the amended complaint (Doc. #12), the summons, and this order upon the non-state defendants (Columbia County Jail nurses Larry McFarlane and Kim Cibulka) pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). Although Congress requires the court to order service by the U.S. Marshals Service precisely because *in forma pauperis* plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

**IT IS ALSO ORDERED** that the defendants shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $319.95 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS ALSO ORDERED** that a copy of this order be sent to the warden of the institution where the inmate is confined.

**IT IS FURTHER ORDERED** that the plaintiff shall submit all correspondence and legal material to:

>Honorable Nancy Joseph
>% Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is hereby notified that he is required to send a copy of every paper or document filed with the court to the opposing parties or their attorney(s). Fed. R. Civ. P. 5(a). The plaintiff should also retain a personal copy of each document. If the plaintiff does not have access to a photocopy machine, he may send out identical handwritten or typed copies of any documents. The

court may disregard any papers or documents which do not indicate that a copy has been sent to each defendant or to their attorney(s).

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute.

In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this __9th__ day of June, 2011.

BY THE COURT:

*s/ Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge