# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ORLANDO LARRY,

      Plaintiff,

      v.                                    Case No. 11-CV-140

CRAIG ROSENTHAL,
LARRY MCFARLANE,
KIM CIBULKA,
DAVID BEYER,
GREG KEELING,
and BARBARA DELAP,

      Defendants.

## ORDER

The *pro se* plaintiff, who is incarcerated at the Columbia Correctional Institution, is proceeding *in forma pauperis* under 42 U.S.C. § 1983, on an Eighth Amendment medical needs claim against defendants who have allegedly denied him dental care during his confinement. Currently before the court are several motions filed by the plaintiff, which are addressed below.

On August 2, 2011, the plaintiff sought an order directing the Marshals Service to serve defendant Keeling. (Doc. # 28). Earlier, the court ordered, on June 9, 2011, that the amended complaint be electronically sent to the Attorney General for service upon Keeling and the other state defendants. The state accepted service on behalf of its employees on July 25, 2011, but indicated that Keeling was not a state employee. On July 27, 2011, the clerk's office transmitted the amended complaint and a waiver of service packet to the Marshals Service for service upon Keeling. Although Keeling failed to return a signed waiver of service, on August 11, 2011, his attorney filed a notice of appearance, a consent to magistrate jurisdiction, and an answer to the

amended complaint. The answer does not object to the manner in which service was accomplished, and any such defense is thereby waived, making it unnecessary for the Marshals Service to physically serve the complaint.

On August 16, 2011, the plaintiff filed a motion (Doc. # 40) to strike, as untimely, the answer filed by defendants Rosenthal, Beyer, and Ordinans. On September 2, 2011, the plaintiff filed a motion (Doc. # 43) seeking judgment by default. Federal Rule of Civil Procedure 12 governs the time permitted for a defendant to serve an answer, and by complying with the Memorandum of Understanding between the U.S. District Court for the Eastern District of Wisconsin and the Wisconsin Department of Justice (DOJ), the defendants have satisfied Rule 12. That rule's 21-day deadline to file an answer applies only in cases where the defendant is "served with the summons and complaint." Fed. R. Civ. P. 12(a)(1)(A)(i). If the defendant "has timely waived service," the rule then provides 60 days for a defendant to file an answer. Fed. R. Civ. P. 12(a)(1)(A)(ii). The Memorandum grants the DOJ 60 days to answer a complaint, from the date the Court notifies it of the complaint via a Notice of Electronic Filing (NEF). The NEF was sent to the defendants in this case on June 9, 2011 (Doc. # 14), and on July 25, 2011, the DOJ timely accepted electronic service, in compliance with the Memorandum and the waiver requirements of Fed. R. Civ. P. 4(d), thus waiving the requirement of physical service of the summons and complaint. (Doc. # 19). The defendants filed their answer on August 8, 2011 (Doc. # 32), within 60 days from the NEF sent on June 9, 2011, as permitted by Fed. R. Civ. P. 12(a)(1)(A)(ii). Therefore, the plaintiff's motions to strike the answer and for judgment by default are denied.

On August 16, 2011, the plaintiff filed a motion for leave to file an amended complaint, in order to name a new defendant, Barbara DeLap, in place of Martin Ordinans, who has retired. (Doc. # 41). However, no amended complaint was attached, as required by Civil L.R. 15(b) for motions to amend. On November 1, 2011, the plaintiff filed a motion to substitute parties, again

2

stating that Martin Ordinans has retired, and seeking to have his successor substituted pursuant to Fed. R. Civ. P. 25(d). Because Martin Ordinans was sued in his official capacity, his successor "is automatically substituted as a party" with, or without, a motion or court order. Fed. R. Civ. P. 25(d). The caption will be adjusted to reflect this substitution.

On December 2, 2011, the plaintiff filed a motion to compel discovery (Doc. # 50), stating that he requested records relating to his medical care and gum disease in writing from the defendants Beyer, Rosenthal, Ordinans, and Keeling but has not received those records. In a separate motion to compel discovery (Doc. # 52), the plaintiff states that he asked defendants Cibulka and McFarlane to produce his prison and medical records from his incarceration at the Columbia County Jail, but they failed to produce them. Defendant McFarlane responds (Doc. # 54) that he provided the medical records promptly and produced a copy of the plaintiff's Columbia County Jail file after the plaintiff clarified that he sought jail, rather than prison, records. Defendants Cibulka and Keeling respond (Doc. # 57 and # 59) that they do not posses or control the records sought. The State defendants respond (Doc. # 64) that they produced the requested documents by mail on November 30, 2011. Furthermore, neither of the plaintiff's motions to compel comply with the local rule requiring such motions to include:

> a written certification by the movant that, after the movant in good faith has conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action, the parties are unable to reach an accord. The statement must recite the date and time of the conference or conferences and the names of all parties participating in the conference or conferences.

Civil L. R. 37 (E.D. Wis.). Although the plaintiff's incarceration may prevent him from conferring in person or by phone, he must still attempt to confer with opposing counsel by letter to resolve discovery disputes before filing a motion to compel.

Finally, the plaintiff also filed a motion to supplement his complaint pursuant to Fed. R. Civ. P. 15(d) on December 2, 2011. (Doc. # 50). A plaintiff has "no absolute right to expand the case in this way; the district court has substantial discretion either to permit or to deny such a motion." *Chicago Regional Council of Carpenters v. Village of Schaumburg*, 644 F.3d 353, 356 (7th Cir. 2011). The motion to supplement the complaint does not include a proposed supplemental complaint as required by Civil L.R. 15 (E.D. Wis.). Nor does the motion adequately state a supplemental claim, as it contains only conclusory allegations against unspecified prison officials. To state a cognizable claim, a § 1983 complaint must "adequately connect specific defendants to illegal acts" and "provid[e] some specific facts to ground those legal claims." *Brooks v. Ross*, 578 F.3d 574, 580-581 (7th Cir. 2009). Accordingly, the motion to supplement the complaint will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's motion for an order directing the Marshals Service to serve defendant Keeling (Doc. # 28) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to strike as untimely, the answer filed by defendants Rosenthal, Beyer, and Ordinans (Doc. # 40) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for leave to file an amended complaint (Doc. # 41) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion for default judgment against defendants Rosenthal, Beyer, and Ordinans (Doc. # 43) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to substitute party (Doc. # 47) be and hereby is **GRANTED**. Pursuant to Fed. R. Civ. P. 25(d), the Clerk of Courts shall adjust the caption to reflect the automatic substitution of Barbara DeLap, in the place of Martin Ordinans.

**IT IS FURTHER ORDERED** that the plaintiff's motions for orders to compel discovery (Doc. # 49 and # 52) be and hereby are **DENIED**.

4

**IT IS FURTHER ORDERED** that the plaintiff's motion to supplement the complaint (Doc. # 50) be and hereby is **DENIED**.

**IT IS FURTHER ORDERED** that, to expedite a resolution of this case, the court sets forth the following scheduling order:

1. **Discovery.** All requests for discovery shall be served by a date sufficiently early so that all discovery is completed no later than **March 23, 2012.**

   The parties are advised that, pursuant to Rule 30(a) of the Federal Rules of Civil Procedure, the defendants may depose the plaintiff and any other witness confined in a prison upon condition that, at least fourteen days before such a deposition, defendants serve all parties with the notice required by the rule.

2. **Dispositive Motions.** Motions to dismiss (Rule 12 of the Federal Rules of Civil Procedure) and motions for summary judgment (Rule 56 of the Federal Rules of Civil Procedure), together with briefs, are to be filed no later than **April 23, 2012**, and in accordance with Civil Local Rule 7 (E.D. Wis.). Copies of Rule 56 and Civil Local Rule 7 (E.D. Wis.) are included with this order.

   If a party files a motion for summary judgment, Rule 56 requires a district court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

3. **Compliance with Court Rules and Orders.** The plaintiff is further advised that failure to make a timely submission or otherwise comply with the court's orders may result in the dismissal of this action for failure to prosecute.

4. **Service.** A copy of every paper or document filed with the court must be sent to opposing parties. Fed. R. Civ. P. 5(a).

   Dated at Milwaukee, Wisconsin this 22nd day of December, 2011.

   BY THE COURT:


   s/ *Nancy Joseph*
   NANCY JOSEPH
   United States Magistrate Judge

5

Rule 56. Summary Judgment

(a) Motion for Summary Judgment or Partial Summary Judgment. A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.

(b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

(c) Procedures.

(1) Supporting Factual Positions. A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

(A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

(B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

(2) Objection That a Fact Is Not Supported by Admissible Evidence. A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3) Materials Not Cited. The court need consider only the cited materials, but it may consider other materials in the record.

(4) Affidavits or Declarations. An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

(d) When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

(e) Failing to Properly Support or Address a Fact. If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

(1) give an opportunity to properly support or address the fact;

6

(2) consider the fact undisputed for purposes of the motion;

(3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or

(4) issue any other appropriate order.

(f) Judgment Independent of the Motion. After giving notice and a reasonable time to respond, the court may:

(1) grant summary judgment for a nonmovant;

(2) grant the motion on grounds not raised by a party; or

(3) consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute.

(g) Failing to Grant All the Requested Relief. If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact--including an item of damages or other relief--that is not genuinely in dispute and treating the fact as established in the case.

(h) Affidavit or Declaration Submitted in Bad Faith. If satisfied that an affidavit or declaration under this rule is submitted in bad faith or solely for delay, the court--after notice and a reasonable time to respond--may order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt or subjected to other appropriate sanctions.

CREDIT(S)

(Amended December 27, 1946, effective March 19, 1948; January 21, 1963, effective July 1, 1963; March 2, 1987, effective August 1, 1987; April 30, 2007, effective December 1, 2007; March 26, 2009, effective December 1, 2009; April 28, 2010, effective December 1, 2010.)

Civil L. R. 7. Form of Motions and Other Papers

(a) Form of Motion and Moving Party's Supporting Papers. Every motion must state the statute or rule pursuant to which it is made and, except for those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), must be accompanied by:

> (1) a supporting memorandum and, when necessary, affidavits, declarations, or other papers; or

> (2) a certificate stating that no memorandum or other supporting papers will be filed.

(b) Non-Moving Party's Response. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), any memorandum and other papers in opposition must be filed within 21 days of service of the motion.

(c) Reply. For all motions other than those for summary judgment or those brought under Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice), the moving party may serve a reply memorandum and other papers within 14 days from service of the response memorandum.

(d) Sanction for Noncompliance. Failure to file either a supporting memorandum or other papers, or a certificate of counsel stating that no memorandum or other supporting papers will be filed, is sufficient cause for the Court to deny the motion. Failure to file a memorandum in opposition to a motion is sufficient cause for the Court to grant the motion. The Court also may impose sanctions under General L. R. 83(f).

(e) Oral Argument. The Court will hear oral argument at its discretion.

(f) Length of Memoranda. Subject to the limitations of Civil L. R. 7(h) (Expedited Non-Dispositive Motion Practice) and Civil L. R. 56 (Summary Judgment Motion Practice), the principal memorandum in support of, or in opposition to, any motion must not exceed 30 pages and reply briefs must not exceed 15 pages (excluding any caption, cover page, table of contents, table of authorities, and signature block). No memorandum exceeding the page limitations may be filed unless the Court has previously granted leave to file an oversized memorandum.

(g) Modification of Provisions in Particular Cases. The Court may provide by order or other notice to the parties that different or additional provisions regarding motion practice apply.

(h) Expedited Non-Dispositive Motion Practice.

> (1) Parties in civil actions may seek non-dispositive relief by expedited motion. The motion must be designated as a "Civil L. R. 7(h) Expedited Non-Dispositive Motion." The Court may schedule the motion for hearing or may decide the motion without hearing. The Court may designate that the hearing be conducted by telephone conference call. The Court may order an expedited briefing schedule.

> (2) The motion must contain the material facts, argument, and, if necessary, counsel's certification pursuant to Civil L. R. 37. The motion must not exceed 3 pages excluding any caption and signature block. The movant may not file a separate memorandum with the motion. The movant may file with the motion an affidavit or declaration for purposes of (1) attesting to facts pertinent to the motion and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The movant's affidavit or declaration may not exceed 2 pages.

8

The respondent must file a memorandum in opposition to the motion within 7 days of service of the motion, unless otherwise ordered by the Court. The respondent's memorandum must not exceed 3 pages. The respondent may file with its memorandum an affidavit or declaration for purposes of (1) attesting to facts pertinent to the respondent's memorandum and/or (2) authenticating documents relevant to the issue(s) raised in the motion. The respondent's affidavit or declaration may not exceed 2 pages. No reply brief is permitted absent leave of Court.

(3) The provisions of subsection (h) do not apply to 42 U.S.C. § 1983 actions brought by incarcerated persons proceeding pro se.

(i) Leave to file paper. Any paper, including any motion, memorandum, or brief, not authorized by the Federal Rules of Civil Procedure, these Local Rules, or a Court order must be filed as an attachment to a motion requesting leave to file it. If the Court grants the motion, the Clerk of Court must then file the paper.

(j) Citations.

(1) With the exception of the prohibitions in Seventh Circuit Rule 32.1, this Court does not prohibit the citation of unreported or nonprecedential opinions, decisions, orders, judgments, or other written dispositions.

(2) If a party cites an unreported opinion, decision, order, judgment or other written disposition, the party must file and serve a copy of that opinion, decision, order, judgment, or other written disposition.

9